FILED _____ ENTERED
LOGGED _____ RECEIVED
OCT 03 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE REGION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| PLAINTIFF, ) | |
| V. ) | CASE NO. 1:14-CR-00348-JKB-1 |
| Garry Nicholson, ) | |
| DEFENDANT ) | |

## MOTION FOR NEW TRIAL...
### BASED UPON NEWLY DISCOVERED EVIDENCE.

COMES NOW, defendant Garry Nicholson filing pro se pursuant to Federal Rule of Criminal Procedure 33 hereby requesting a new trial and/or evidentiary hearing based upon newly discovered evidence pertaining to the investigation and indictment of Detective KEITH ALLEN GLADSTONE of the Baltimore Police DEPARTMENT. Newly found evidence will indicate that Det. Keith A Gladstone while in the performance of duties as a law enforcement officer assigned to the special enforcement section (S.E.S) of the Baltimore Police Dept did for an undetermined amount of time, knowingly and wilfully engage in criminal misconduct while operating under color of state law. Based upon the nature and severity of the offenses committed by Officer Keith A Gladstone, the defendant firmly holds that the interests of justice alone warrant further review. Record will support that the defendant was prejudiced as a result.

## FACTS

On about July 22 2014, the defendant was indicted for a **ONE COUNT 21 u.s.c § 841 (B)(1)(A) Possession with the intent to distribute cocaine.** It should be noted that at the time of the defendants arraignment, the defendant entered a plea of not guilty on all counts. Furthermore, on July 25 2014 notice of attorney appearance was entered by Joseph A Balter as Public Defender for the defendant. MR.Balter remained the defendants assigned counsel until the defendant filed a RULE #17 subpoena requesting that MR Balter be removed as appointed counsel due to the fact that the defendant best interests were not being adequately met. The RULE#17 subpoena motion was filed and entered on December 18 2014 ( SEE ATTACHED EXHIBIT CRIMINAL DOCKET SHEET). During this timeframe multiple pre-trial motions were filed by the defendant in regards to the evidence seized through search warrants obtained by Detective Keith A - Gladstone during an investigation conducted by the Baltimore Police Department. All motions in regards to all evidentiary issues and concerns can be verified (SEE ATTACHED CRIMINAL DOCKET). The defendant filed a successive motion requesting a speedy trial on Febuary 24 2015 ( SEE ATTACHED DOCKET SHEET). Record will further indicate that on/about Febuary 20 2015 Federal Public Defender Joseph A Balter was removed as appointed counsel to the defense.

# FACTS

On Febuary 20 2015, Attorney Gerald C Ruter was assigned by the Federal Public Defenders Office to represent the defendant. The defendant firmly believes newly appointed counsel did not have sufficient time to adequately prepare for the case. Record will supprt the defendants timeline by indicating that only 7 days had lapsed since the appointment of new counsel and the acceptance of the defendants plea. The defendant holds that Gerald C Ruter failed to represent the defendant's interests by not conducting a proper overview of the defendants case. The defendant was very adamant to assigned counsel Gerald C Ruter his desire to challenge the evidence obtained through the discovery the defendant attempted to raise concern regarding the integrity and credibility of Detective Keith A Gladstone on numerous occasion with both assigned Public Defenders. The defendant also requested that the Government's key witnessess be re-interviewed and at one point suggested retaining an investigator to conduct bipartisan examination of the Government's case. The defendant claims that even in comparison to the Strickland standard, defendants counsel failed to achieve the proper standard of adequate representation of counsel. The defendant firmly believes that had proper investigation been conducted and the numerous objections in regards to the police involved in the government,s case and the evidence collected through and buy the Baltimore Police Dept, the defendant would not have been so pressured to take a plea agreement.

## FACTS

On Febuary 27 2015 a plea agreement was reached between the United States Attorney and the defendant consisting of the following

    a. 120 months imprisonment

    b. 5 years supervised release

    c. 100.00 assessment fee

It should be documented that the defendant felt the plea agreement offer was unsatisfactory but believed that corrupt law enforcment officers had accumulated enough evidence whether tainted or not to secure conviction of any innocent person. The defendant further states that by challenging the courts or personel of the Baltimore Police Dept it would only make any disposition unfavorable to the defendant.

Without a doubt, the newly discovered evidence goes directly to the weight and credibility of any witness especially upon those individuals responsible for any/all investigations and collection of any evidence regarding the defendants case. Clearly it would serve the interests of justice if the honorable court would grant the defendants motion to conduct at bare minimum, a evidentiary hearing . The defendant further prays that the honorable court shall use its discretion to weigh the credibility of all witnessess and apply its discretion to the evidence.

## LEGAL ARGUMENT SUMMARY

The defendant argues that the findings of the Baltimore Police Dept's Special Enforcemnt Section(S.E.S) is erroneous and as a result, any evidence procured is defined as 'fruit of the poisonous tree' and can not be used to secure or uphold the defendants conviction. Through the defendants due diligence and an incredible amount of hardship on the defendant and his family's behalf, the defendant still holds that justice will prevail. The discovery of wide spread corruption throughout the Baltimore Police Department and especially in regards to the law enforcement officers of the (B.P.D) assigned to the Special Enforcement Section (S.E.S) which handled the defendant's unjust and improper conviction especially the actions and criminal misconduct of the lead detective assigned to the defendants case who has been identified throughout this motion as Detective Keith A Gladstone should require the defendant to a new trial.

## MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERD EVIDENCE

In researching the facts supporting this motion, the defendant has since learned that several law enforcemnt officers of the Baltimore Police Dept had been indicted and detained for a multitude of offenses. Of particular interest was the arrest of

# MOTION FOR NEW TRIAL CONT"D

lead Detective Keith A Gladstone also of the (B.P.D) See-
exhibit #1 (Indictment of Keith A Gladstone). The following is a
preview of some of the offenses's made against Det Gladstone and
other officers of the (B.P.D)

1) CONSPIRACY TO DEPRIVE CIVIL RIGHTS 18 u.s.c § 241

2) WITNESS TAMPERING 18 u.s.c § 1512

3) CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES
   18 u.s.c § 371

Clearly a ring of corrupt police officers meets the prejudicial
standard and weighs heavily against the verdict. A Federal Rules of
Criminal Procedure 33 motion is designed to rectify factual
injustices, thus, a Rule# 33 motion based upon newly discovered
evidence is applied to where the newly discovered evidence relates
to the elements of the crime charged. Rule# 33 deals with the
contentions that evidence discovered after trial shows beyond a
reasonable doubt that the accused is innocent. A new trial should
be granted under the provisions of Rule# 33 only if the evidence
would result in an acquittal at trial. Not only can the district
court hold evidentiary hearing on motion to vacate sentence, the
Court ordinarily must do so if the defendant raises meritorious
claims involving factual issue. the defendant refers to the nature

## MOTION FOR NEW TRIAL CONT'D

Of offenses made against officers of the Baltimore Police Dept whom falsified evidence and/or documentation in regards to the investigation, indictment and conviction of the defendant. Police corruption, botched investigations and the falsifing of any evidence and or documentation to secure the conviction of any person clearly would warrant a review of the defendants case. The defendant also respectfully informs this Honorable court of intentions to represent himself pro-se in his defense and requests to be present at all hearings/proceedings.

### CONCLUSION

Accordingly, for the resons cited in the above motion, the defendant respectfully requests an evidentiary hearing be conducted to consider the newly discovered evidence.

Respectfully submitted,

*[signature]*

Garry Nicholson #

## CERTIFICATE OF SERVICE

I hereby certify that on 13 September 2019 the undersigned mailed the foregoing document to the court clerk using the Prison Mail Box Rule served via United States mail.

*Garry Nicholson* (signature)
Garry Nicholson