**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **GARRY NICHOLSON,** | * | **Crim. No. JKB-14-0348** |
| Petitioner, | * | Civil No._____ |
| v. | * |  |
|  | * |  |
| **UNITED STATES OF AMERICA,** | * |  |
| Respondent. | * |  |
|  | * |  |

\* \* \* \* \*

**MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255
AND HOLD CASE IN ABEYANCE**

Mr. Garry Nicholson, through undersigned counsel, requests that this Court vacate his conviction under 28 U.S.C. § 2255 because his guilty plea was involuntary in violation of his due process rights for two reasons. First, the plea was unlawfully induced by impermissible government conduct, specifically the lies of Officers Keith Allen Gladstone, Carmine Vignola, and Michael O'Sullivan of the Baltimore City Police Department (BPD). These lies have now become evident through the indictments and convictions of these officers for fraudulent conduct in Case No. CCB-19-0094 (*United States v. Gladstone* in the U.S. District Court for the District of Maryland), Case No. CCB-19-0431 (*United States v. Vignol* in the U.S. District Court for the District of Maryland); and Case No. 119148010 (*State v. O'Sullivan* in the Circuit Court for Baltimore City). Second, the government failed to timely disclose such misconduct as required by *Brady v. Maryland*, 373 U.S. 83 (1963).

1

Mr. Nicholson asks this Court to hold this case in abeyance for one year to permit him to supplement his § 2255 motion and negotiate a resolution with the government. The government, through Assistant United States Attorney Robert Harding, does not oppose the abeyance request. Mr. Nicholson states the following in support of this motion:

1. On July 22, 2014, Mr. Nicholson was indicted for one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count One) and one count of possession with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A) (Count Two). ECF No. 1.

2. Mr. Nicholson subsequently moved to suppress all evidence secured against him at 709 Nottingham Road, Apartment 5B, Baltimore, Maryland 21229. ECF No. 29. This evidence included cocaine, heroin, marijuana, and drug paraphernalia purportedly recovered from the residence after the execution of a search warrant. ECF No. 57 at 8. The affidavit for the search warrant, in critical part, was predicated on an account by Officer Gladstone that he previously observed Mr. Nicholson engage in a hand-to-hand drug transaction. ECF No. 29-1 at 8; Exhibit 1 at 23 (Transcript of Suppression Hearing, January 21, 2015). Mr. Nicholson's counsel vigorously argued that Officer Gladstone's account was false. ECF No. 29 at 6-9; Exhibit 1 at 9-34. In support of this argument, defense counsel referenced a disciplinary finding made against Officer Gladstone for failing to follow proper procedures in relation to a financial interaction with a citizen. Exhibit 1 at 23-25. Nonetheless, this Court credited Officer Gladstone's account of the hand-to-hand transaction and ultimately denied Mr. Nicholson's motion to suppress. Exhibit 1 at 26, 34. But in so doing, the Court noted that the probable cause for the search warrant was "pretty weak." Exhibit 1 at 26.

3.      After the Court denied Mr. Nicholson's motion to suppress, Mr. Nicholson, on February 27, 2015, pled guilty to Count Two of the indictment and was subsequently sentenced to 120-months imprisonment. ECF Nos. 57 and 59. The guilty plea was induced by the material lie of Officer Gladstone about the hand-to-hand transaction included in the affidavit in support of the search warrant, which then led to the purported seizure of the drugs at 709 Nottingham Road.

4.      Nonetheless, it was not until March 6, 2019—long after Mr. Nicholson's guilty plea—that clear evidence of Officer Gladstone's propensity to lie in criminal cases materialized. On that date, the government unsealed a federal indictment against Officer Gladstone that charged him with the following: one count of conspiring to deprive a victim of his civil rights by planting evidence against him and then lying about it in a statement of probable cause in violation of 18 U.S.C. § 241 (Count One); one count of conspiring to commit an offense against the United States by lying in the statement of probable cause in violation of 18 U.S.C. § 371 (Count Two); and one count of witness tampering by instructing another law enforcement officer to lie about the planting of evidence in violation of 18 U.S.C. § 1512 (Count Three). ECF No. 1, Case No. CCB-19-0094. On May 31, 2019, Officer Gladstone admitted to these lies and pled guilty to Count One. ECF Nos. 18 and 19, Case No. CCB-19-0094.

5.      Officer Gladstone's indictment and conviction are new evidence that shatters his credibility and confirms that he also lied in Mr. Nicholson's case. This "impermissible government conduct" induced Mr. Nicholson to plead guilty in violation of his due process rights. *United States v. Fisher*, 711 F.3d 460, 467 (4th Cir. 2013). Therefore, the Fourth Circuit's decision in *Fisher* compels the vacatur of his conviction.

6. Additionally, the veracity of the search warrant affidavit, arrest report, and the statement of probable cause in the instant case is further undermined because BPD Officer Michael O'Sullivan, who authored all three of these documents and testified at the suppression hearing, was convicted on December 3, 2019, in the Circuit Court for Baltimore City for perjury and misconduct in office during a 2018 trial (Circuit Court Case No. 119148010). *See* ECF No. 29-1; Exhibit 2 (arrest report); Exhibit 3 (statement of probable cause). Likewise, Mr. Nicholson's case was even further compromised because Officer Vignola, who assisted in the execution of the warrant and retrieval of evidence in Mr. Nicholson's case, pled guilty on September 23, 2019, to falsely testifying before a grand jury about the evidence Officer Gladstone planted in the federal case referenced above. ECF No. 11, CCB-19-0431. Also, it is important to note that Officer Gladstone, as Officer O'Sullivan's supervisor, approved the arrest report in Mr. Nicholson's case and supervised the execution of the warrant at 709 Nottingham road. *See* Exhibit 2. The combined misconduct of this trio of officers, who played a central role in Mr. Nicholson's case, heightens the due process error here and destroys any integrity in Mr. Nicholson's conviction. Indeed, the fraudulent misconduct of all three officers makes evident that they also engaged in fraudulent misconduct in Mr. Nicholson's case and thereby induced his guilty plea, rendering it involuntary.

7. Finally, the government violated Mr. Nicholson's due process rights by failing to disclose the fraudulent activity of these officers in violation of *Brady*, 373 U.S. 83.

8. The government, through Assistant United States Attorney Robert Harding, agrees that this motion is timely filed under 28 U.S.C. § 2255(f)(4). The government also agrees that this motion sufficiently pleads Mr. Nicholson's *Fisher* and *Brady* claims, and Mr. Nicholson has one

year from today's date to supplement the motion. In the meantime, the Office of the Federal Public Defender will work with the government on a resolution of this matter.

WHEREFORE, Mr. Nicholson respectfully asks this Court to vacate his conviction, but before ruling on this motion, he asks the Court to hold this case in abeyance for one year from the date of this filing to give him time to supplement the motion and negotiate a resolution with the government.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender

        _____/s/_____
        PARESH S. PATEL
        Assistant Federal Public Defender
        6411 Ivy Lane, Ste. 710
        Greenbelt, Maryland
        (301) 344-0600]
        paresh_patel@fd.org

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 2nd day of March 2020, a copy of the foregoing Motion to Vacate Judgment Under 28 U.S.C. §2255 was delivered via electronic filing to Robert Harding, Assistant United States Attorney, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201-2692.

                                                _____/s/_____
                                                PARESH S. PATEL
                                                Assistant Federal Public Defender