# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                              |   |                       |
|------------------------------|---|-----------------------|
| **GARRY NICHOLSON,**         | * | Crim. No. JKB-14-0348 |
| **Petitioner,**              | * |                       |
| v.                           | * |                       |
|                              | * |                       |
| **UNITED STATES OF AMERICA,**| * |                       |
| **Respondent.**              | * |                       |

\* \* \* \* \*

## JOINT MOTION TO REDUCE SENTENCE UNDER 28 U.S.C. § 2255

Mr. Garry Nicholson and the United States, through undersigned counsel, hereby jointly request, pursuant to 28 U.S.C. § 2255, that the Court reduce the sentence currently imposed upon Mr. Nicholson to time served followed by five (5) years of supervised release in criminal case number JKB-14-348. In support of this Motion, the parties state as follows:

1. Mr. Nicholson is currently serving a ten (10) year sentence for the possession of cocaine base with the intent to distribute in violation of 18 U.S.C. § 841(b)(1)(A). Judgement, 2 (ECF # 59). That term is to be followed a term of supervised release of five (5) years. *Id.* at 3. Mr. Nicholson has satisfied the $100 special assessment required under 18 U.S.C. § 3013 and has no outstanding financial obligations related to his conviction. He is scheduled to be released from confinement on October 8, 2021, and is currently housed at a Bureau of Prisons (BOP) facility in Butner, North Carolina.

2. Mr. Nicholson's sentence was imposed pursuant to a plea agreement. Plea Agreement, 1 (ECF # 57). His plea came on the eve of a scheduled trial and after Mr. Nicholson litigated several motions to a contested hearing. *See* ECF # 42. The statement of facts in support of his plea – and

thus the facts that support Mr. Nicholson's conviction – rest on the fruit of a warrant to search 709 Nottingham Road, Apartment 5B, Baltimore, Maryland, 21229 executed on March 5, 2014.

3. Subsequent to the entry of the plea, the United States began investigating allegations of criminal conduct by certain members of the Baltimore City Police Department (BPD). The Baltimore City State's Attorney's Office also began a similar review. These investigations led to the indictment and conviction of, among others, BPD Officers Keith Gladstone, Carmine Vignola, and Michael O'Sullivan. *See United States v. Gladstone*, Case No. CCB-19-0094 (D. of Md.), *United States v. Vignola*, Case No. CCB-19-0431, and *State of Maryland v. O'Sullivan*, Baltimore City Circuit Ct. Case No. 119148010. The convictions of these officers were for crimes including perjury and misconduct (O'Sullivan), planting evidence (Gladstone), and lying to a grand jury (Vignola). O'Sullivan and Vignola were sentenced to prison. Gladstone awaits sentencing.

4. All three (3) of the above-named former officers played a prominent role in the investigation, arrest, and prosecution of Mr. Nicholson. Gladstone's alleged observation of a hand-to-hand drug transaction provided a key component of the probable cause supporting the warrant to search 709 Nottingham Road. *See* Transcript of Motions Hearing (Tr.), 5 (attached as Ex. A to ECF # 73). Vignola also made critical observations that led to the issuance of that warrant, and also submitted significant pieces of evidence for storage prior to trial. O'Sullivan drafted the affidavit in support of 709 Nottingham Road warrant and was the government's only witness at the hearing on Mr. Nicholson's pre-trial motions.

5. On October 3, 2019, Mr. Nicholson filed a *pro se* "Motion for New Trial Based on Newly Discovered Evidence." ECF # 71. The filing asserted misconduct on the part of some of the above-named officers, but failed to detail their relationship to the case or why relief was warranted due to their alleged misconduct. *Id.* The Court denied that motion without prejudice on October

8, 2019. ECF # 72. In so doing, it raised a series of questions and points requiring clarification were any subsequent pleading to be filed by Mr. Nicholson. *Id.*

6.	On March 2, 2020, and after consultation with the Office for the Federal Public Defender, Mr. Nicholson filed a Motion to Vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF # 73. This pleading provided specific details of the relevance of the above-named officers' alleged misconduct addressed the issues raised in the Court's October 8, 2019 Order. *Id.* At the request of counsel, the petition was held in abeyance while the parties negotiated a possible resolution.

7.	The parties concur that the matter is now ripe for resolution and have agreed upon a disposition. Specifically, the parties are in agreement that the unique circumstances of this case, and the conviction of the three (3) officers who were critical to the investigation and prosecution of Mr. Nicholson's case, warrants relief.

8.	28 U.S.C. § 2255(b) provides that, if a district court determines that a Defendant is entitled to relief under the statute, it may vacate and set aside the conviction, discharge the prisoner, grant a new trial, or may "correct the sentence as may appear appropriate." That provision confers a "broad and flexible" power to district courts to fashion an "appropriate remedy." *See United States v. Hillary*, 106 F.3d 1170, 1171-72 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)).

10.	Taking into consideration the conviction of these three officers, as well as the factors set forth in 18 U.S.C. § 3553(a) (setting forth the factors and purposes to be considered at sentencing), the parties agree to recommend that the Court grant partial 2255 relief as follows: that the sentence of one hundred and twenty (120) months imprisonment be reduced to time served followed by a term of supervised release of five (5) years. The Amended Judgement should also reflect payment of the special assessment.

11.     The parties believe that the recommended sentence is reasonable and appropriate, taking into consideration the factors, purposes and needs set forth in 18 U.S.C. § 3553(a). Specifically, the parties agree that the recommended sentence, when considered in light of the period of imprisonment Mr. Nicholson has already served, properly accounts for the nature and seriousness of his offense, his personal history and characteristics, and the need for the sentence to promote respect for the law, deter future crimes by Mr. Nicholson (and by others), and protect the community. The recommended sentence, again taking into consideration the lengthy period of imprisonment already served by Mr. Nicholson, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). A proposed Order is attached.

## CONCLUSION

For the foregoing reasons, the United States and Mr. Nicholson, through counsel, respectfully request that the Court reduce the Defendant's sentence, as set forth above.

Respectfully Submitted,

| | |
|---|---|
| Robert K. Hur | James Wyda |
| United States Attorney | Federal Public Defender |
| | |
| By: _____/s/_____ | By:_____/s/_____ |
| Leo J. Wise (# 29399) | Brendan Hurson (#28179) |
| Assistant United States Attorney | Counsel for the Defendant |